UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


MONIQUE SMITH                      ]
     Petitioner,                   ]
                                   ]
v.                                 ]          No. 3:12-0314
                                   ]          Judge Trauger
STATE OF TENNESSEE                 ]
     Respondent.                   ]


### M E M O R A N D U M


The petitioner, proceeding *pro se*, is an inmate at the Robertson County Detention Center in Springfield, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee seeking a writ of habeas corpus.

### A. Background

On August 24, 2006, the petitioner pled guilty in Davidson County Criminal Court to possessing .5 grams or more of cocaine for resale. For this crime, he was sentenced as a Range II multiple offender to thirteen (13) years in prison. Docket Entry No.27-1. Having pled guilty, there was no direct appeal of the conviction taken by the petitioner. Docket Entry No.27-2 at pg.3, ¶ 16.

Later, though, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.27-3. Following the appointment of counsel, an

1

amendment of the petition and an evidentiary hearing, the trial court denied the petition. Docket Entry No.27-4. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.27-5. The Tennessee Supreme Court then denied petitioner's application for additional review. Docket Entry No.27-6.

## B. Procedural History

On February 29, 2012, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief.[1] The petition contains two claims for relief. These claims include a challenge to the sufficiency of the evidence and an attack upon the effectiveness of counsel.[2]

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

---

[1] The petition was stamped by the Clerk's Office as received on March 15, 2012. A pleading from a prisoner, though, is deemed filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petition was signed and notarized on February 29, 2012. This earlier date, therefore, is considered the day that the petition was presumably placed in the prison postal system.

[2] The petitioner was represented by Richard Dumas, a member of the Davidson County Bar.

2

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No.26), to which the petitioner has filed an unsigned Reply (Docket Entry No.28).[3] Having carefully considered these pleadings and the record as a whole, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

## C. Timeliness of the Petition

In its Motion to Dismiss, the respondent argues that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[4]

---

[3] Normally, an unsigned pleading is given no weight. Rule 11(a), Fed.R.Civ.P. However, the gravity of a habeas corpus proceeding compels the Court to consider the petitioner's objections to the Motion to Dismiss despite this deficiency.

[4] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

Case 3:12-cv-00314   Document 29   Filed 08/07/12   Page 3 of 6 PageID #: 122

The petitioner pled guilty and was sentenced on August 24, 2006. He did not seek a direct appeal of the conviction. The time for filing a direct appeal expired thirty (30) days after the petitioner was sentenced, Rule 4(a), Tenn. R. App. P., making his conviction final on September 23, 2006. Therefore, the petitioner had until September 23, 2007 in which to seek federal habeas corpus relief.

On October 6, 2006, after thirteen (13) days had elapsed, the petitioner filed a *pro se* post-conviction petition in state court. Docket Entry No.27-3. This filing had the effect of tolling the limitation period until such time as the post-conviction proceedings came to a conclusion. 28 U.S.C. § 2244(d)(2). The post-conviction proceedings ended on August 24, 2009, the date the Tennessee Supreme Court denied petitioner's application for further post-conviction review. Docket Entry No.27-6.

When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002). Therefore, having already expended thirteen days of the limitation period, the petitioner was left with three hundred fifty two (352) days, or until August 11, 2010, in which to initiate this action.

As noted above, the petitioner filed his federal habeas corpus petition on February 29, 2012, more than eighteen (18) months after

the expiration of the limitation period. Therefore, the respondent was correct to find that this action is untimely.

The limitation period, however, does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way. Pace v. DiGuglielmo, 544 U.S. 408,418 (2005).

In this regard, the petitioner asserts in his Reply that he never received a copy of the order from the Tennessee Supreme Court denying his application for additional post-conviction review. Docket Entry No.28 at pgs.2-3. He attributes this to the fact that he was transferred to another penal facility five months before the order from the Tennessee Supreme Court was ever issued. The petitioner believes that this should entitle him to an equitable tolling of the limitation period.

The petitioner must show that he pursued his rights diligently in order to qualify for equitable tolling of the limitation period.

5

Apparently, the petitioner made no effort to determine when the Tennessee Supreme Court would rule upon his application for additional post-conviction review. As a consequence, it does not appear that the petitioner diligently pursued his rights in the state courts.

### D. Conclusion

Clearly, the instant petition for federal habeas corpus relief is untimely. The petitioner has failed to demonstrate that he is deserving of an equitable tolling of the limitation period. Accordingly, the respondent's Motion to Dismiss has merit and shall be granted.

An appropriate order of dismissal will be entered. Rule 8(a), Rules - - - § 2254 Cases.

Aleta A. Trauger
United States District Judge

6